IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01910-MSK-MJW

DANIEL R. CAHILL

      Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY and
LLOYD MAPLE,

      Defendants.

**OPINION AND ORDER DENYING MOTIONS TO REMAND AND
DISMISSING CLAIM AGAINST DEFENDANT MAPLE**

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Supplemental Motion to Remand **(# 12)**, the Defendants' response **(# 13)**, and the Plaintiff's reply **(# 14)**; and the Plaintiff's Supplemental Motion to Supplement **(# 28)** the remand motion. No response has been filed to the Supplemental Motion to Supplement, but for the reasons stated herein, the Court concludes that no response is necessary.

The Plaintiff commenced this action in the Colorado District Court for Arapahoe County. The Complaint does not separately identify claims, but appears to assert generally that Defendant American Family Insurance Company failed to offer the Plaintiff enhanced Personal Injury Protection ("PIP") benefits as part of the Plaintiff's auto insurance policy, in violation of then C.R.S. §10-4-710, and that Defendant Maple, the agent selling the policy to the Plaintiff "promis[ed] that the policy would comply with Colorado law when at the time the policy

1

violated Colorado law."

The Defendants removed (# 1) the case to this Court, citing diversity jurisdiction under 28 U.S.C. § 1332, but noting that both the Plaintiff and Defendant Maple were citizens of Colorado. The Defendants contended that Defendant Maple was fraudulently joined solely for the purpose of defeating diversity.

The Plaintiff filed the instant Motion to Remand (# 12), arguing that his claim against Defendant Maple adequately stated a claim under Colorado law. Although the Plaintiff does not specifically describe the nature of the claim he believes he is asserting, he points out that the nature of the claim is that Defendant Maple allegedly made "material misrepresentations that the policy did in fact comply with Colorado law." Thus, the Court understands the Plaintiff to be arguing that he has adequately pled a fraud-type claim against Defendant Maple.

In response (# 13), the Defendants argue that accusing Defendant Maple of engaging in misrepresentation is "semantic word play," and that the case otherwise falls within *Estate of Hill v. Allstate Ins. Co.*, 354 F.Supp.2d 1192 (D. Colo. 2004), in which the court found that no claim would lie under Colorado law against an insurance agent who failed to offer enhanced PIP benefits to an insured, as was required by C.R.S. § 10-4-710. In addition, the Defendants argue that *Hill* also holds that the failure to offer enhanced PIP benefits does not prevent the policy that results from complying with Colorado law. 354 F.Supp.2d at 1198.

In reply (# 14), the Plaintiff concedes that *Estate of Hill* found that an agents failure to offer an enhanced PIP policy did not render the agent's promise that the ensuing policy complied with Colorado law to be false. However, he states that he "respectfully disagrees" with that conclusion.

2

Several months after filing the motion to remand, the Plaintiff filed the instant "Supplemental Motion to Supplement" **(# 28)** the remand motion. The Plaintiff contends that "the defendant removed this matter to federal court based on argument[s] that the value of the claim, based on the state court civil cover sheet, exceeded the jurisdictional threshold." He states that "This Court recently addressed this precise issue, concluding that the civil cover sheet argument advanced here does not confer subject matter jurisdiction." *Citing Wencl v. Progressive Casualty Ins. Co.*, D.C. Colo. Case No. 08-cv-01583-MSK-MJW (July 30, 2008). The Plaintiff notes that the *Wencl* decision references *Baker v. Sears Holding Corp.*, 2007 WL 2908434 (D. Colo. 2007) for a similar proposition.

Extensive discussion of the issues raised herein is unnecessary. As the party invoking this Court's jurisdiction, Defendants bear the burden of establishing the jurisdictional requirements. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Where the existence of jurisdiction is premised upon the Court dismissing claims against a non-diverse party because those claims cannot be maintained, the inquiry is akin to that on a Fed. R. Civ. P. 12(b)(6) motion. *See Slover v. Equitable Variable Life Ins. Co*, 443 F.Supp.2d 1272, 1278 (N.D. Ok. 2006). If it is clear that a state law claim against the non-diverse defendant cannot be maintained, his joinder is considered fraudulent and federal jurisdiction may be maintained. *Id.*

Under Fed. R. Civ. P. 12(b)(6), the Court treats all well-pleaded facts in the Complaint as true, and views them in the light most favorable to the Plaintiff. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). A claim should not be dismissed under that rule "unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Benefield v. McDowall,* 241 F.3d 1267, 1270 (10th Cir. 2001); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

Here, the only claim that the Plaintiff identifies as being properly asserted against Defendant Maple, thus giving rise to remand, is a claim that Defendant Maple made a fraudulent misrepresentation to the Plaintiff that the policy being issued complied with Colorado law. *Complaint,* ¶ 9 (". . . defendant Maple sold an insurance contact to the Plaintiff by promising that the policy would comply with Colorado law"). Thus, the Court considers only whether that claim is cognizable under Colorado law.

The parties agree that *Estate of Hill* addresses this question squarely:

> Nor does plaintiffs' allegation that [the agent] agreed to procure a policy in compliance with Colorado law save their claim. The No-Fault Act does not require that an automobile insurance police include enhanced PIP benefits, only that such be offered to the insured as an option. The policy the Pauls received thus complied with Colorado law, and, in the absence of a more specific allegation that enhanced PIP benefits were requested or even discussed, [the agent] cannot be held liable for the policy's failure to include them.

354 F.Supp.2d at 1198. Thus, *Estate of Hill* clearly stands for the proposition that a policy of insurance that was not preceded by an offer of enhanced PIP benefits is nonetheless a policy that complies with Colorado law. This Court finds *Estate of Hill* persuasive. At the time, C.R.S. § 10-4-706(1) recited "the basic personal injury protection coverages required for compliance with this part." C.R.S. § 10-4-710(2) required that "[e]very insurer . . . offer the following enhanced benefits for inclusion in a complying policy, in addition to the basic coverages described in section 10-4-706 . . . ." It is clear from the statutory text that a "complying policy" was one that

4

offered basic PIP coverage, and that enhanced PIP benefits were something that could be "in addition to" the basic benefits available under a "complying policy." C.R.S. § 10-4-710(2) is simply not susceptible to an interpretation that the policy itself was rendered non-compliant with state law if enhanced benefits were not properly offered before the policy's issuance.

The Plaintiff states that he "respectfully disagrees" with *Estate of Hill* on this point, but does not point to any authority establishing the opposite proposition. In the absence of Colorado law finding that an auto insurance policy that was not preceded by an offer of enhanced PIP coverage was not compliant with Colorado law, the allegations in the Complaint are insufficient to state a claim for material misrepresentation against Defendant Maple.

Accordingly, because the Plaintiff fails to state a claim against Defendant Maple, the Court finds him to be fraudulently joined, and dismisses him from the action. Without Defendant Maple's presence, it is clear that there is diversity between the parties sufficient to warrant the exercise of diversity jurisdiction.

Finally, the Court turns to the Plaintiff's Supplemental Motion to Supplement the motion to remand. Contrary to its designation, the Supplemental Motion to Supplement does not seek to "supplement" any arguments previously raised in the motion to remand, but rather, raises an entirely new argument in favor of remand – namely, that the Defendant has not made a sufficient showing that the amount in controversy exceeds $75,000 pursuant to 28 U.S.C. § 1332(a). Construing the Supplemental Motion to Supplement as an independent motion to remand, the Court finds it without merit.

The crux of cases such as *Baker* (which, this Court notes, was issued on October 3, 2007, and thus, was available as precedent at the time the Plaintiff filed his initial motion to remand)

and *Wencl* is that "reliance solely on the Civil Cover Sheet as a demonstration of the amount in controversy is not permissible." *Baker*, 2007 WL 2908434 at * 4 (emphasis added). However, the Civil Cover Sheet, if accompanied by additional evidence that aids in ascertaining the amount in controversy, may be sufficient. Here, paragraph 14 of the Complaint alleges that "the plaintiff . . . qualified for [enhanced] PIP benefits up to at least another $100,000." In paragraph 17, the Plaintiff speaks of his "entitlement . . . to his additional $100,000 in [enhanced] PIP benefits." These allegations, coupled with the assertion on the Civil Cover Sheet, are sufficient to demonstrate that the amount in controversy in this case exceeds $75,000. Accordingly, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

For the foregoing reasons, the Plaintiff's Supplemental Motion to Remand **(# 12)** is **DENIED**. The Court finds that Defendant Maple was fraudulently joined in this matter, and the claim against him is **DISMISSED**. The Clerk of the Court shall modify the caption in this action to omit Mr. Maple as a party. The Plaintiff's Supplemental Motion to Supplement **(# 28)**, which this Court construes as a Motion to Remand, is **DENIED**.

Dated this 7th day of August, 2008

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge