IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01910-MSK-MJW

DANIEL R. CAHILL

       Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

       Defendant.
_____

### ORDER AND OPINION GRANTING MOTION FOR SUMMARY JUDGMENT
_____

**THIS MATTER** comes before the Court on Defendant American Family Mutual Insurance Co.'s ("American Family") Motion for Summary Judgment **(#41)**, Plaintiff Daniel R. Cahill's Response **(#43)**, American Family's Reply **(#46)**, American Family's Supplemental Brief **(#48)**, and Mr. Cahill's Response to Supplemental Brief **(#49)**.

### I. FACTS

The operative facts in this action are essentially undisputed. On January 14, 1998, Plaintiff Daniel Cahill was involved in an automobile accident, sustaining serious injuries that left him in a coma for several months. At the time of the accident, he was covered by an auto insurance policy issued by American Family. There is no dispute that the policy, which provided only basic Personal Injury Protection ("PIP") benefits did not comply with the terms of

then-applicable Colorado law.[1]  On March 23, 1998, American Family notified Mr. Cahill that the basic medical PIP benefits provided by his policy had been exhausted.  Thereafter, Mr. Cahill began submitting his medical bills for payment to another insurer.

Beginning in 2000, American Family was named in a series of lawsuits by its insureds, each alleging that American Family's policies were non-compliant with Colorado law and required reformation entitling the insureds to enhanced PIP benefits.  As relevant to the discussion here:

> • *French v. American Family Mutual Ins. Co.*, Civil Action No. 00CV3162, was a putative class action filed in the Colorado District Court for El Paso County on or about November 12, 2000.  It purported to allege claims on sounding in breach of contract and deceptive trade practices on behalf of a class consisting of all insureds under the defective American Family auto policies.  The court denied class certification on December 4, 2002.
>
> • *Weber v. American Family Mutual Ins. Co.,* Civil Action No. 01CV2188, was filed in the Colorado District Court for El Paso County on or about May 1, 2002.  *Weber* was a single plaintiff case, not a putative class action, in which an American Family insured asserted claims for breach of contract and deceptive trade practices.
>
> • *Marshall v. American Family Mutual Ins. Co.*, Civil Action No. 03-CV-1081, was filed in the Colorado District Court for Adams County on or about April 21, 2003.  As far as the Court can discern, the pleadings in the *Marshall* case are not included in the record here.  The Court assumes that, consistent with Mr. Cahill's representations, that the case was a putative class action by American Family insureds, and that it alleged the same sorts of breach of contract and deceptive trade practices claims as the *French* and *Weber* cases.  Mr. Cahill asserts that class certification

---

[1] At the time, C.R.S. § 10-4-710 required auto insurers to provide customers with the option to purchase enhanced PIP benefits that provided unlimited medical and wage loss benefits (subject to total benefit caps).  American Family's policies did not offer this option for several years after the events at issue here.

in the *Marshall* case was denied on November 13, 2003.

Prompted by the *French* case, American Family undertook a review of its policies and concluded that, indeed, the auto policies failed to comply with Colorado law. There is some dispute between the parties as to the nature and efficacy of American Family's attempt to contact insureds eligible for reformation of their policies based on this discovery, but it is sufficient to note for purposes of this motion that Mr. Cahill denies having ever received any communication from American Family until the summer of 2007, when American Family contacted him pursuant to a court order in the *Hicks v. American Family Mut. Ins. Co.* case[2] to inform him of his entitlement to certain additional benefits. On August 14, 2007, shortly after receiving that notice, Mr. Cahill commenced this action.

Mr. Cahill asserts claims **(#45)** for: (i) fraudulent misrepresentation, in that American Family fraudulently represented to Mr. Cahill in March 1998 that his PIP benefits had been exhausted, when, in fact, he was legally entitled to reformation of the insurance policy to include enhanced PIP benefits; (ii) concealment, in that American Family concluded in 2000 that its policies had violated Colorado law, and continued to conceal that fact from Mr. Cahill until 2007, in violation of a duty to disclose; (iii) bad faith breach of the insurance contract, in that American Family failed to provide Mr. Cahill with the enhanced PIP benefits he was entitled to under the insurance contract; (iv) outrageous conduct, based on American Family's conduct in failing to promptly notify him of the defects in its policies; and (v) deceptive trade practices in

---

[2]*Hicks* was another class action suit by American Family insureds, commenced in the Colorado District Court for Boulder County in 2004. In or about 2005, the court in *Hicks* certified a class of insureds that would include Mr. Cahill, and in 2007, the court ruled that class members were entitled to have their policies reformed to include enhanced PIP coverage.

violation of the Colorado Consumer Protection Act ("CCPA").

American Family's Motion for Summary Judgment is directed solely at the timeliness of this action. American Family argues: (i) that all his claims accrued no later than March 23, 1998 when at the time American Family notified Mr. Cahill that his basic PIP benefits were exhausted; (ii) that the statutes of limitation governing all of the claims require suit to be brought within either two or three years of such notice; and (iii) that the applicable statutes of limitation are not subject to being tolled based upon theories of equitable tolling, class action tolling, or lack of capacity.

In response, Mr. Cahill argues: (i) that for purposes of claim accrual that the date that Mr. Cahill should have known of the bases for his claims is a question of fact for a jury that cannot be decided on summary adjudication; (ii) that the statutes of limitation were equitably tolled due to American Family's concealment from Mr. Cahill of the factual bases for his claims – *e.g.* that the policy did not conform with C.R.S. § 10-4-710; and (iii) that the class action suits in which he was a putative class member tolled the statutes of limitations.

## II. JURISDICTION AND CONTROLLING LAW

The Court exercises jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). Because the Court exercises jurisdiction over Mr. Cahill's Colorado state law claims pursuant to diversity jurisdiction, the substantive law of Colorado applies. *See Pound v. Insurance Co. of North America*, 439 F.2d . 1059, 1062 (10th Cir. 1971).

The argument that a claim is barred by a statute of limitation is an affirmative defense on which American Family bears the burden of proof. It must establish the facts demonstrating the accrual of the claim, the applicable statute of limitation, and its expiration prior to the filing of

this suit. To the extent that Mr. Cahill claims the running of the applicable statute is tolled, he bears the burden of coming forward with facts sufficient to demonstrate that a toll is appropriate. *Goldsmith v. Learjet, Inc.*, 90 F.3d 1490, 1496 (10th Cir. 1996).

### III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proven for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual

dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required, and the court then applies the law to the undisputed facts and enters judgment.

## IV. ANALYSIS

American Family argues that all of Mr. Cahill's claims share the same accrual date, and that all claims accrued on or before March 23, 1998, when American Family notified Mr. Cahill that he had exhausted the PIP benefits available under his policy. The Court finds that this omnibus accrual date ignores the nature of each particular claim for relief, and thus, the Court will address the accrual date and applicable statute of limitations with regard to each individual claim.

### A. Fraudulent Misrepresentation

The crux of Mr. Cahill's fraudulent misrepresentation claim is that "In 1998, American Family misrepresented to Daniel Cahill that his insurance coverage in effect for his medical benefits had been exhausted." Under Colorado law, a claim for fraud or misrepresentation generally accrues when the plaintiff begins to suffer some injury as a result of his reliance upon the misrepresentation. *See Duell v. United Bank of Pueblo*, 892 P.2d 336, 340 (Colo. App. 1994); *Berger v. Dixon & Snow, P.C.*, 868 P.2d 1149, 1154-55 (Colo. App. 1993). The statute of limitations for a fraud claim under Colorado law is three years. C.R.S. § 13-80-101(1)(c).

Here, Mr. Cahill contends that the misrepresentation in question was American Family's assertion on March 23, 1998 that he had exhausted all of the insurance benefits he was entitled to. His injury from that alleged misrepresentation necessarily occurred on the same date that the

notice was given - March 23, 1998 – insofar as he relied on that representation to cease seeking benefits from American Family and began submitting his medical bills to another insurer. Thus, this claim accrued on March 23, 1998, and the time for commencing suit on this claim expired three years later on or about March 21, 2001, well before this action commenced. Thus, on its face, this claim is untimely.

Mr. Cahill argues that the Court should apply one of two tolling doctrines. He argues that equitable tolling, based upon American Family's concealment of facts and/or tolling during his participation in a class action for which no class was certified should halt the running of the statute of limitations.[3]

Under Colorado law, equitable tolling is applied to prevent a defendant from prevailing on a statute of limitations defense when the defendant's wrongful actions have prevented the plaintiff from asserting a timely claim or where extraordinary circumstances would render filing a claim within the statutory period impossible. *Olson v. State Farm Mut. Auto Ins. Co.*, 174 P.3d 849, 858 (Colo. App. 2007); *Noel v. Hoover*, 12 P.3d 328, 330 (Colo. App. 2000). The burden is on the plaintiff to show that the defendant's actions prevented the plaintiff from filing a timely claim. *Id.*

Here, the Court accepts as true Mr. Cahill's assertion that American Family had not complied with Colorado law at the time it notified him in March 1998 that his PIP benefits were exhausted and that it did not tell him of that fact. However, this alone does not demonstrate that

---

[3]Although Mr. Cahill recites some facts that arguably could support a toll based on his incapacity, he does not put forth any meaningful argument regarding such a toll. Because assertion of a toll on the statute of limitations is Mr. Cahill's burden, the Court treats this contention as abandoned.

American Family "prevented the Plaintiff from filing a timely claim" for misrepresentation. Mr. Cahill points to no other affirmative action taken by American Family to mislead him as to whether or not he had additional rights against American Family. An inquiry in March 1998 by Mr. Cahill into the provisions of Colorado insurance law (along with consultation with his father, the purchaser and holder of the policy, about the offers that were made to him at the time coverage was purchased) was all that was necessary for him to discover that American Family's representation about the benefits available to him, or lack thereof, was inaccurate or incomplete. Mr. Cahill does not point to any act by American Family that prevented him from making such an inquiry. Moreover, he does not point to any affirmative representation by American Family that discouraged him from making such an inquiry or "lulled" him into refraining from looking into the matter further.

Mr. Cahill's argument – that American Family should have unilaterally informed him that its prior determination of his benefit eligibility was inaccurate or incomplete – equates the alleged misrepresentation creating the claim with conduct that would have kept him from investigating the accuracy of American Family's statements. This would improperly shift the burden of inquiry into the existence of a claim from the shoulders of Mr. Cahill to the shoulders of American Family. In essence, Mr. Cahill argues that he was under no obligation to independently look into the truth or falsity of American Family's March 1998 representation concerning his exhausted benefits, and that he was entitled to assume the information was correct until American Family advised him otherwise. Such an argument would require the Court to ignore C.R.S. § 13-80-108, which provides that a cause of action accrues when the injury and its cause "should have been known [to the plaintiff] by the [plaintiff's] exercise of

reasonable diligence." Mr. Cahill does not dispute that, with reasonable diligence, he could have ascertained as early as March 1998 that American Family's policy failed to comply with Colorado law. Thus, the fact that American Family did not affirmatively advise him of that fact does not warrant the application of the doctrine of equitable tolling.

The Court also rejects the argument that the class action toll applies to this claim. As noted above, it is undisputed that Mr. Cahill has been a putative member in several class actions in which claims relating to American Family's non-compliance with C.R.S. § 10-4-710 were asserted. Under Colorado law, the pendency of a class action generally tolls a statute of limitation applicable to the claim of any putative class member until the issue of class certification is decided. *See State Farm Mut. Auto Ins. Co v. Boellstorff*, 540 F.3d 1223, 1228 (10th Cir. 2008). However, the class action toll is sufficient to halt the running of the statute of limitations only with regard to those particular claims actually asserted in the class action (and thus, those claims of which the defendant has notice); it does not universally toll the statute of limitations on any claim that any putative class member might individually have against the defendant. *See e.g. Sinclair Oil Corp. v. Atlantic Richfield Corp.*, 720 F.Supp. 894, 914-18 (D. Utah 1989).

The record reveals that the putative class action complaint in *French* did not assert tort claims for fraud or misrepresentation against American Family. Because *French* gave American Family no notice of the possibility a class member might also assert a misrepresentation claim against it, the pendency of the *French* class action was insufficient to toll the statute of limitations with regard to Mr. Cahill's misrepresentation claim here. *French* is the only class action that was commenced during the 1998 - 2001 period when Mr. Cahill's statute of

9

limitations on his misrepresentation claim was running, and because *French* did not toll the statute of limitations for misrepresentation claims, the class action toll fails to rescue this claim.

Accordingly, American Family is entitled to summary judgment on the misrepresentation claim because it is barred by the applicable statute of limitation.

### B. Concealment

Mr. Cahill's second claim sounds in concealment and alleges that "the Defendant knew in November 2000 that it had violated C.R.S. § 10-4-710 . . .[and] deliberately withheld these material facts from" him. As with the similar tort of affirmative misrepresentation, a cause of action for concealment arises when the concealment results in some injury, *Duell*, 892 P.2d at 340, and is subject to a three-year statute of limitations, C.R.S. § 13-80-101(1)(c).

The Amended Complaint asserts that Mr. Cahill suffered injury as a result of the concealment in two ways: (i) that after receiving notice in 1998 that the PIP payments had been exhausted, he submitted medical bills in excess of $ 100,000.00 to another insurer; and (ii) that as of November 2000, he was unable to obtain additional medical treatment. *Docket* # 45, ¶ 65-66. Thus, the statute of limitations on the concealment claim began running no later than November 2000, and expired three years later, in or about November 2003. On its face, then, Mr. Cahill's concealment claim would also be time-barred.

The Court thus considers the doctrine of equitable tolling and the class action toll as they relate to the concealment claim. For many of the same reasons discussed with regard to the equitable tolling argument as it relates to the misrepresentation claim, the Court finds that Mr. Cahill has failed to come forward with facts sufficient to show that the doctrine of equitable tolling can be invoked with regard to the concealment claim. Although he alleges that American

10

Family concealed certain facts, Mr. Cahill does not allege that the concealment made it impossible for him to ascertain the concealed fact – that the policy had not conformed to C.R.S. § 10-4-710 – through his own reasonable diligence. Once again, Mr. Cahill's argument is that equitable tolling should apply until American Family affirmatively admitted the true facts, and ignores his own independent duty of diligence in investigating whether a claim might exist. Accordingly, the Court finds that the doctrine of equitable tolling does not apply to the concealment claim.

Turning to the class action toll, the Court finds that two class action cases involving Mr. Cahill – the *French* and *Marshall* cases[4] – were filed on or before November 2003, when the statute of limitations on Mr. Cahill's concealment claim otherwise expired. Because, for the reasons explained above, the claims in the *French* case did not involve independent claims for concealment, the pendency of the *French* case did not operate to toll the statute of limitations with regard to the concealment claim. Mr. Cahill, who bears the burden of coming forward with facts to support a toll, fails to allege what class claims were being pursued in *Marshall* and the record is otherwise silent as to this information. Mr. Cahill merely alleges that *Marshall* asserted claims "against American Family arising from the identical misconduct of American Family violating C.R.S. §10-4-710, among other claims." *Docket* # 43, p.18. The Court finds that this is not a sufficient allegation, much less sufficient evidence, to support a toll based upon Mr. Cahill's involvement in *Marshall*. Without carrying his burden of showing the availability of the class action toll, Mr. Cahill has failed to overcome American Family's showing that the

---

[4]The *Weber* case, cited by Mr. Cahill, did not purport to allege claims on behalf of a class, and in any event, did not assert a concealment claim similar to the one alleged here.

concealment claim is untimely. Accordingly, American Family is entitled to summary judgment on this claim.

### C. Bad Faith Breach of Contract

Mr. Cahill asserts a claim for bad faith breach of contract, asserting that American Family failed to pay enhanced PIP benefits that were owed to him when American Family ceased paying benefits in March 1998.

The element of reformation complicates the question as to when this claim accrued. As American Family correctly points out, claims for bad faith breach of an insurance policy in these circumstances typically accrue no later than the date upon which the insured is notified that basic PIP benefits have been exhausted – here, March 23, 1998 – and are governed by a three-year statute of limitations. *See e.g. Nelson v. State Farm Mut. Auto Ins. Co.*, 419 F.3d 1117, 1121 (10th Cir. 2005). Arguably, however, the reformation of the policy in 2007, by operation of the order in *Hicks, supra*, created a "new" contract between the parties, and a claim for bad faith breach of the reformed contract might have accrued as late as 2007, when American Family failed to pay benefits as provided for by the terms of the reformed contract.

The Court has carefully reviewed the Amended Complaint **(# 45)**, as well as Mr. Cahill's statement of claims in the proposed Pretrial Order **(# 53)**, and finds that his bad faith breach of contract claim asserts that the breach occurred at the time American Family ceased paying basic PIP benefits in March 1998. Neither the Amended Complaint nor the proposed Pretrial Order cite events occurring after the 2007 reformation as giving rise to the claim; Mr. Cahill's allegations are focused on his entitlement to enhanced PIP benefits at the time his basic PIP benefits were exhausted in March 1998. Accordingly, consistent with *Nelson*, the Court finds

that this claim accrued on March 23, 1998, and the statute of limitations governing it expired in March 2001, unless otherwise tolled.

Once again, the Court rejects the argument that the statute of limitations on this claim should be tolled on equitable grounds. As before, the Court finds that American Family took no action to impede Mr. Cahill's ability to independently investigate his rights under Colorado insurance law or to conceal from him the facts regarding whether or not his policy entitled him to the enhanced PIP benefits he alleges were improperly withheld.

However, the Court finds that a claim for bad faith breach of contract, arising under a similar theory of liability, was expressly asserted in the *French* case, and thus, the statute of limitations was tolled from the inception of the *French* case until the court denied class certification. At the time *French* was commenced on November 13, 2000, two years and 235 days had elapsed on the statute of limitations on Mr. Cahill's bad faith breach of contract claim, leaving 130 days remaining. Class certification in *French* was denied on December 4, 2002, at which point Mr. Cahill's statute of limitations resumed running. Mr. Cahill's remaining 130 days to file expired prior to any subsequent class action being filed.[5]

Accordingly, American Family is entitled to summary judgment on the bad faith breach of contract claim because it is untimely.

---

[5]For the reasons set forth above, the Court rejects any argument that the *Weber* was a class action sufficient to enact a tolling. Even assuming – without so finding – that Mr. Cahill's sparse and conclusory assertions about the claims asserted in *Marshall* would permit the Court to find that *Marshall* put American Family on notice concerning the bad faith breach of contract claim asserted here, the Court nevertheless notes that 130 days from December 4, 2002 is April 13, 2003, 8 days prior to the date on which *Marshall* was commenced. Thus, even if the Court were to treat *Marshall* as being otherwise sufficient to toll the statute of limitations on Mr. Cahill's bad faith breach of contract claim, that statute had already run and the claim had become untimely before *Marshall* was ever commenced.

D. Outrageous Conduct

Mr. Cahill alleges that American Family's conduct was outrageous in that it made a "corporate decision to deliberately withhold insurance benefits" from Mr. Cahill, and decided "to make no inquiry nor direct any investigation to determine whether its decision to delay notifying" Mr. Cahill of its prior violation of Colorado law would cause harm. For purposes of this Motion, where the sufficiency of the substantive claim is not challenged by American Family, the Court will assume that these acts are sufficient to state a claim for outrageous conduct. As discussed above, tort claims, such as outrageous conduct, accrue as of the date on which the tort first causes injury. *Duell*, 892 P.2d at 340. The statute of limitations on a claim for outrageous conduct is two years. C.R.S. § 13-80-102(1)(a).

Mr. Cahill does not precisely identify the dates on which the alleged outrageous conduct occurred. The Court finds that American Family's decision "to deliberately withhold insurance benefits" must have occurred on March 23, 1998, when American Family advised that it was refusing to pay any further benefits. This date is also when Mr. Cahill would have first suffered injury as a result of the conduct, as he was no longer receiving benefits from American Family. To the extent this decision is only rendered outrageous by the fact that American Family subsequently determined that such action might be in violation of Colorado law, the Amended Complaint alleges that American Family had such knowledge as early as the filing of the *French* case in November 2000, which would also be the date on which American Family first failed to investigate how refusing to remedy that violation of law would affect its insureds who were no longer receiving benefits. Construing the facts most favorably to Mr. Cahill, the Court finds that the outrageous conduct claim accrued no later than November 2000, and became untimely no

later than November 2002.

For the same reasons previously discussed, the Court finds that neither the doctrine of equitable tolling nor the class action toll rescue the outrageous claim from untimeliness. Mr. Cahill points to no affirmative conduct by American Family that would have caused him to refrain from investigating and filing an otherwise timely outrageous conduct claim. Mr. Cahill identifies no class action during the relevant period that included a similar claim of outrageous conduct. Accordingly, American Family is entitled to summary judgment on the claim of outrageous conduct because it is untimely.

E. Violation of the CCPA

Finally, the Court turns to Mr. Cahill's claim that American Family violated the CCPA by falsely and deceptively representing to purchasers the qualities and benefits of its insurance coverage. The Court assumes, for purposes of this Motion, that Mr. Cahill has adequately alleged a substantive violation of that act.

A claim under the CCPA accrues on the date that the consumer "should have discovered the occurrence of the false, misleading, or deceptive act or practice," and a three-year statute of limitations then begins to run. C.R.S. § 6-1-115; *Stiff v. BilDen Homes, Inc.*, 88 P.3d 639, 642 (Colo. App. 2003); *Robinson v. Lynmar Raquet Club, Inc.*, 851 P.2d 274, 281 (Colo. App. 1993).

Here, the deceptive practice was American Family's promotion and sale of an insurance policy that did not include an offer of enhanced PIP coverage as required by Colorado law. Such misconduct occurred at the time American Family sold Mr. Cahill's father a policy without making the statutorily-required offer of enhanced PIP coverage. At the absolute latest, Mr. Cahill was on notice that the policy did not include enhanced PIP coverage as of March 23,

1998, when American Family refused to pay anything more than the basic PIP benefits. To the extent that American Family had previously made any misrepresentations about the nature or coverage of its policies, Mr. Cahill could have, with reasonable diligence, discovered the fact and nature of the deceptive practices at that point.[6]

Accordingly, the Court finds that the CCPA claim accrued on March 23, 1998. For the reasons previously discussed with regard to the bad faith breach of contract claim, which accrued on the same date and was subject to the same statute of limitations, the Court finds that although the class action toll resulting from *French* briefly halted the running of the statute of limitations, the statute expired and the claim became untimely before this action was commenced. Thus, American Family is entitled to summary judgment on the CCPA claim because it is untimely.

## V. CONCLUSION

American Family's Motion for Summary Judgment **(#41)** is **GRANTED** in its entirety. Judgment will enter in favor of American Family and against Mr. Cahill.

Dated this 9th day of April, 2009

                                                **BY THE COURT:**

                                                Marcia S. Krieger
                                                United States District Judge

---

[6] The Court rejects the argument that American Family's subsequent conclusion that it had violated Colorado law, and failure to disclose that fact, constitute additional deceptive practices with regard to Mr. Cahill. There is no allegation that Mr. Cahill suffered any injury resulting from his purchase of insurance coverage from American Family after the 1998 accident.